*The Law Offices of Douglas D. Law, Esq.*
Douglas D. Law, SBN: 110829
13223 Black Mountain Road, Suite 430
San Diego, California 92129
858 704-8110 (Tel)
858 704-7954 (Fax)

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

09/30/2019 at 12:01:48 PM

Clerk of the Superior Court
By Megan Dietenhofer, Deputy Clerk

Attorney for Plaintiffs

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO

PLAY CITY AMUSEMENT CENTER, LLC, a limited liability company, and KEVIN FONSECA, an individual,

Plaintiffs,

v.

JAGUAR LAND ROVER NORTH AMERICA, LLC, a limited liability company; LAND ROVER SAN DIEGO, an entity, form unknown; and DOES 1 through 10, inclusive,

Defendants.

CASE NO. 37-2019-00051669-CU-BC-CTL

COMPLAINT FOR RESTITUTION AND DAMAGES:

1. VIOLATION OF THE SONG-BEVERLY CONSUMER WARRANTY ACT
2. VIOLATION OF MAGNUSON-MOSS WARRANTY ACT

Plaintiffs Play City Amusement Center, LLC and Kevin Fonseca, allege as follows against defendants on information and belief, formed after an inquiry reasonable under the circumstances:

## GENERAL ALLEGATIONS

1. Plaintiff Play City Amusement Center, LLC is an individual residing in the City of Chula Vista, County of San Diego, State of California.

2. Plaintiff Kevin Fonseca is an individual residing in the City of Chula Vista, County of San Diego, State of California.

3. Defendant Jaguar Land Rover North America, LLC is and was a limited liability

1
COMPLAINT

company doing business in the State of California, in the City of San Diego, County of San Diego.

4. Defendant Land Rover San Diego is and was operating as an automobile dealership, doing business in the State of California, in the City of San Diego, County of San Diego.

5. Plaintiffs do not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise of defendants sued herein as Does 1 through 10, inclusive, under the provisions of section 474 of the California Code of Civil Procedure. Defendants Does 1 through 10, inclusive, are in some manner responsible for the acts, occurrences and transactions set forth herein, and are legally liable to plaintiffs. Plaintiffs will seek leave to amend this Complaint to set forth the true names and capacities of the fictitiously named defendants together with appropriate charging allegations when ascertained.

6. All acts of defendants' employees as alleged were authorized or ratified by an officer, director or managing agent of the defendant employer.

7. Each defendant whether actually or fictitiously named herein, was the principal, agent (actual or ostensible) or employee of each other defendant and in acting as such principal or within the course and scope of such employment or agency, took some part in the acts and omissions hereinafter set forth by reason of which each defendant is liable to plaintiffs for the relief prayed for herein.

8. On December 19, 2018 plaintiffs leased a new 2019 Land Rover RR Sport HSE Dynamic, vehicle identification number: SALWV2SV6KA416768 (the "vehicle") from Land Rover San Diego. Defendants' express warranties accompanied the lease of the vehicle to plaintiffs by which defendants undertook to preserve or maintain the utility or performance of plaintiffs' vehicle or provide compensation if there was a failure in such utility or performance.

9. The vehicle was delivered to plaintiffs with material defects and nonconformities to warranty and developed other material defects and nonconformities to warranty including, but not limited to: check engine light coming on.

## FIRST CAUSE OF ACTION

(Violation of the Song-Beverly Consumer Warranty Act)

10. Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1 through 9, inclusive, of this Complaint.

11. Pursuant to the Song-Beverly Consumer Warranty Act (hereinafter the "Act") Civil Code sections 1790 et. seq., the vehicle constitutes "consumer goods" purchased primarily for family or household purposes and plaintiffs have used the vehicle primarily for those purposes.

12. Plaintiffs are "lessee" of consumer goods under the Act.

13. Defendant Jaguar Land Rover North America, LLC is a "manufacturer" and/or "distributor" under the Act.

14. Defendant Land Rover San Diego is a "lessor" and "retailer" under the Act.

15. In addition to the express warranties, the lease of the vehicle to plaintiffs was accompanied by an implied warranty that the vehicle was merchantable and was also accompanied by defendants' implied warranty of fitness.

16. The foregoing defects and nonconformities to warranty manifested themselves within the applicable express warranty period. The nonconformities substantially impair the use, value and/or safety of the vehicle.

17. Plaintiffs delivered the vehicle to defendants for repair of the nonconformities on numerous occasions.

18. Defendants were unable to conform plaintiffs' vehicle to the applicable express and implied warranties after a reasonable number of attempts.

19. Notwithstanding plaintiffs' entitlement, defendants have refused plaintiffs' demands for a refund or replacement.

20. By failure of defendants to remedy the defects as alleged above, or to issue a refund or replacement, defendants are in breach of their obligations under the Act.

21. Plaintiffs are also entitled to revoke acceptance of the vehicle which plaintiffs have done reasonably and timely.

22. Under the Act, plaintiffs are entitled to reimbursement of the purchase price paid for the vehicle less that amount directly attributable to use by the plaintiffs prior to discovery of the nonconformities.

23. Plaintiffs are entitled to all incidental, consequential, general and special damages resulting from defendants' failure to comply with their obligations under the Act.

24. Plaintiffs are entitled under the Act to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorneys' fees, reasonably incurred in connection with the commencement and prosecution of this action.

25. Plaintiffs are entitled in addition to the amounts recovered, a civil penalty of up to two times the amount of actual damages in that the defendants have willfully failed to comply with their obligations under the Act.

## SECOND CAUSE OF ACTION

(Violation of the Magnuson-Moss Warranty Act)

26. Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1 through 25, inclusive, of this Complaint.

27. Plaintiffs are "consumers" as defined in the Magnuson-Moss Warranty Act (hereinafter "Warranty Act"), 15 U.S.C. § 2301(3).

28. Defendants are "suppliers" and "warrantors" as defined in the Warranty Act, 15 U.S.C. § 2310(4) and (5). Plaintiffs are informed and believe and thereupon allege that Does 1 through 10 are "suppliers" and "warrantors" as defined in the Warranty Act.

29. The vehicle is a "consumer product" as defined in the Warranty Act, 15 U.S.C. § 2301(1).

30. Under California law there was created in connection with the lease of the vehicle an implied warranty of merchantability.

31. Defendants' failure to provide the vehicle to plaintiffs free of defects and to repair or replace the vehicle constitutes a breach of the express and implied warranties covering the vehicle and hence violations of the Warranty Act.

32. Plaintiffs have performed all things agreed by and required of plaintiffs under the lease contract and warranties, except as may have been excused or prevented by the conduct of defendants.

33. As a direct and proximate result of the acts and omissions of defendants, plaintiffs have been damaged in an amount which will be shown according to proof at trial.

34. Under 15 U.S.C.§2310(d)(2), plaintiffs are entitled to recover as part of the judgment, costs and expenses of the suit including reasonable attorneys' fees based on actual time expended. Plaintiffs have incurred and continue to incur legal fees, costs and expenses in connection with the commencement and prosecution of this action.

WHEREFORE, plaintiffs pray for judgment against defendants, as follows:

1. For general, special and actual damages according to proof at trial;
2. For rescission of the lease contract and restitution of all monies expended;
3. For incidental and consequential damages according to proof at trial;
4. For a civil penalty in the amount of two times plaintiffs' actual damages;
5. For prejudgment interest at the legal rate;
6. For reasonable attorneys' fees and costs of suit; and
7. For such other and further relief as the Court deems just and proper under the circumstances.

DATED: September 30, 2019

*The Law Offices of Douglas D. Law, Esq.*
Attorney for Plaintiffs

By: DOUGLAS D. LAW

5
COMPLAINT